

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-5800
Re: Interpretation of limited
poll tax exemption accorded
militiamen by Articles 5840
and 5841, V.A.C.S.

Your letter of January 14, 1944, reads as follows:

"Pursuant to our telephone conversation of yesterday, I am writing to you in regard to Opinion No. O-5045 which deals with the right of members of the Texas State Guard to a poll tax exemption. Captain W. A. Moon, Commanding Officer of the local Guard Unit, has asked me for an opinion as to whether or not the members of his company will be privileged to vote in the forthcoming primary under the exemption provided by law. Captain Moon failed to file a certified list of the members of his company who were entitled to this exemption between January and April of 1943. His contention is that a list filed at this time would entitle the men in his company to an exemption on the 1943 poll tax and would thereby entitle them to vote in the forthcoming primary.

"Kindly advise me whether or not the exemption based upon the certified list made by Captain Moon at this date applies to the 1943 poll tax or whether it applies to the payment of the 1944 poll tax which would not exempt them from the payment of the poll tax until next year."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

37

Honorable Arnold Smith, Page 2

Articles 5840 and 5841 accord an exemption from payment of a portion of this tax to members of the "active militia" of this State. These Articles read as follows:

"Art. 5840. All officers and enlisted men of the active militia of this State, who comply with their military duties as prescribed by this chapter, shall be entitled to exemption from the payment of all poll taxes, except the poll tax prescribed by the Constitution for the support of the public schools; exemption from the payment of any road or street tax, and from any road duty whatsoever under the laws of this State, and exemption from jury service or duty of every character and description.

"Art. 5841. To entitle any troop, battery, company, signal corps, or band of the active militia of this State to the exemption from the payment of poll taxes as specified in the preceding article, the commanding officer of such organization shall, between the first days of January and April of each year, file with the assessor of taxes for his county a list of all members of his command who have discharged the military duties required of them for the preceding year, and who have been present for at least twenty-four drills or parades, or have been excused for non-attendance thereof by reason of illness or other necessary cause; such list shall be certified to by such commanding officer, and the persons whose names appear on such list, shall not be assessed for any poll taxes whatever, other than the poll tax of one dollar prescribed by the Constitution for the support of public schools for the current year; and each assessor with whom such lists are filed shall note the exemptions on his assessment roll as set forth in such lists, and furnish such information to all concerned, as may be necessary in carrying out the provisions of this article." (Emphasis added)

As you know, we ruled in our Opinion No. 0-5045 that members of the Texas State Guard are entitled to this partial exemption.

Honorable Arnold Smith, Page 3

Section 2 of Article VII of our Constitution, after granting the right to vote to the persons designated therein, imposes the following limitation upon the exercise of such right:

" . . . . and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. Or if said voter shall have lost or misplaced said tax receipt, he or she, as the case may be, shall be entitled to vote upon making affidavit before any officer authorized to administer oaths that such tax receipt has been lost . . . . "

Likewise, Article 3004, R.C.S., provides in part as follows:

"No citizen shall be permitted to vote, unless he first presents to the judge of election his poll tax receipt or certificate of exemption issued to him before the first day of February of the year in which he offers to vote, except as otherwise permitted in this title, unless the same has been lost or mislaid, or left at home, in which event he shall make an affidavit of that fact, which shall be left with the judges and sent by them with the returns of the election; . . . "

It will be noticed that Articles 5840 and 5841 do not purport to relieve members of the militia from the payment of poll taxes; rather these Articles merely exempt militiamen from payment of that portion of the poll tax which is not levied by the Constitution, and leave untouched that portion of the tax which is levied by the Constitution. This feature of Articles 5840 and 5841 provides a clear distinction between the reduced poll tax established therein and the exemptions from the poll tax discussed in our Opinion No. O-5779.

Honorable Arnold Smith, Page 4

Both Article 5840 and Article 5841 contain a clear recognition and affirmation of the fact that militiamen eligible thereunder are to be assessed for that portion of the poll tax which is levied by the Constitution, and thus that these statutes effect a reduction rather than an exemption. Consequently, militiamen eligible under these Articles must pay an annual' poll tax of one dollar before their poll tax liability is . discharged, and, under the provisions of the Constitution and of Article 3004, quoted supra, such payment must be made before February 1st and the receipt therefor presented to the election judge, or otherwise accounted for under this Article, before such militiamen are entitled to vote.

We make this explanation of the effects of Articles 5840 and 5841 upon the right to vote because your letter seemingly reflects a belief on the part of your local Guard officers that these Articles alone exempt militiamen from payment of the poll tax and entitle them to vote, provided the requirements of the Articles are complied with.

With respect to the filing of a list of militiamen by their commanding officer, we said in our Opinion No. 0-3053;

"  . . . . In this connection it should be noted that the certificate of the commanding officer required has reference to the military duties discharged during the calendar year preceding the January 1st on which the tax is assessed for the 'current year.' In other words, discharge of military duties during the calendar year 1940 serves as the basis for a partial exemption from the poll tax assessed as of January 1, 1941, not as a basis for a limited exemption from that poll tax assessed as of January 1, 1940. This is made clear by that portion of Article 5841 which states that such persons 'shall not be assessed for any poll taxes whatever, other than the poll tax of one dollar prescribed by the Constitution for the support of the public schools for the current year; . . . ' when read in connection with that portion requiring the certificate by the commanding officer to be furnished between January 1 and April 1 of the current year, to certify as to military duties during the 'preceding year.'"

Your letter does not state whether the list which the commanding officer of your local Guard desires to file relates to military duties discharged during the year 1942 or during the year 1943. Since the poll tax liability for the year 1943 accrued on January 1, 1943, and is payable during the period from October 1, 1943, through January 31, 1944, and since it is the receipt for the 1943 poll taxes which will be required as a prerequisite to voting during the current year, we think you can see from the above excerpt that a list of the guardsmen who performed their duties during 1942 will be material in effecting a reduction of the 1943 poll tax, while a list of those guardsmen who performed their duties during 1943 will be of importance only in connection with the 1944 poll tax. Stated differently, a list relating to duties discharged in 1942 will affect the amounts of the poll taxes now being paid, while a list relating to duties performed in 1943 will affect the amounts of the poll taxes which become payable on October 1, 1944.

Trusting that the foregoing satisfactorily answers your inquiry, we are

APPROVED JAN 26, 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:ff

